■ In the Matter of ADRIAN ABRAMS, Petitioner, v JOHN J. GHEZZI, as Acting Secretary of State of the State of New York, Respondent.—Determination of the respondent, Secretary of State of the State of New York, dated October 24, 1974, revoking petitioner's real estate broker's license, unanimously modified, on the law to the extent of reducing the sanction imposed to suspension of the license for one year and otherwise confirmed, without costs, and without disbursements. We agree with the findings of fact of the hearing officer. Petitioner, a real estate salesman, filed an application for an FHA- or VA-insured mortgage knowing full well that the information on that application was incomplete since the true party in interest and her assets were not revealed, but, rather, the name of a "dummy" was used. However, we also cannot overlook the fact that the two principals of the real estate corporation involved in this very transaction were also found to have demonstrated untrustworthiness. They were principals of the brokerage corporation by which petitioner was employed as a salesman, as well as principals of the corporation which owned the real property being sold. They did not fully inform the prospective purchaser of these facts, nor was she advised to obtain counsel. Clearly their failure to disclose was entwined with their desire to reap profits both as broker and seller of the same piece of realty. The finding of untrustworthiness assigned to the two principals may differ as to the particular acts of omission or commission, but the measure of their culpability compared with that of the petitioner varies in slight degree indeed. Nonetheless, the sanctions imposed against the two principals of the brokerage corporation were far less severe than that imposed upon petitioner, and petitioner's conduct did not establish a pattern of repeated malfeasance. We find, therefore, that the punishment imposed was "so disproportionate to the offense, in the light of all the circumstances, as to be shocking to one's sense of fairness" *(Matter of McDermott v* ·

*Murphy,* 15 AD2d 479, affd 12 NY2d 780; *Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck,* 34 NY2d 222, 233). We have accordingly, based on the record before us, modified the sanction imposed *(Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, supra,* p 234). Concur—Markewich, J. P., Lupiano, Tilzer, Lane and Nunez, JJ.